broker then notified the importer that the appraiser had no definite value and advised him to write his shipper in order to get all the information he could obtain from them. However, the importers informed her that they felt sure that the value stated in the invoice was correct because they had paid that amount. The broker filed an appeal to reappraisement which was afterwards abandoned by the attorney for the petitioner herein.

It may be noted that said customs broker made entry herein in her own name, and that the United States examiner who passed the merchandise testified that he was well-acquainted with her, and expressed the opinion that in the circumstances of this case there was no intent on her part to deceive anyone or to defraud the revenue.

At the rehearing, which was conducted by the writer of this opinion, the original record was supplemented by testimony of H. W. Woods, office manager of petitioner. He testified, in substance, that he delivered to the customs broker the invoice and other papers necessary to make entry; that the value of the merchandise was ascertained from the New York agents of the shippers, the price being calculated c. i. f. New Orleans; that he knew of no other value; that no evidence was withheld from the collector when the merchandise was entered; and that at no time did he intend to deceive the customs officials or defraud the revenue in connection with the entry.

Upon the entire record we are now satisfied that the entry of the merchandise at less than the final appraised value thereof was without any intention to defraud the revenue of the United States or to conceal the facts in the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted and judgment will be entered accordingly.

No. 51796.—Shreveport Coca Cola Bottling Co. et al. v. United States, petitions 6574-R, etc. (Laredo).

Opinion by LAWRENCE, J. The uncontradicted evidence established that the merchandise was entered and appraised at the invoice price of 55 cents per case; that prior to making such entry, petitioners consulted with the appraiser who approved such price as representing the true value of the merchandise; and that it was not until an appeal was taken by the collector and a reappraisement made by the court that the merchandise was finally appraised at 58 cents per case. From a careful examination of the record and a consideration of all the facts, the court was satisfied as to the good faith of the petitioners in the premises, and held that the entry of the merchandise at less than the value returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petitions were therefore granted.

BEFORE THE SECOND DIVISION, JUNE 20, 1947

No. 51797.—Allan Jensen v. United States, protests 29432-K, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent

ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 51798.**—Merrill, Clark & Meinig, Inc. *v.* United States, protests 514205–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 51799.**—Merrill, Clark & Meinig, Inc. *v.* United States, protests 622312–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 51800.**—Fownes Bros. & Co., Inc. *v.* United States, protests 521191–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim of the plaintiff was therefore sustained.

**No. 51801.**—Van Raalte Co., Inc. *v.* United States, protests 848086–G, etc. (New York).